# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-50540
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 14, 2018

Lyle W. Cayce
Clerk

VARNEL L. DIGGS,

  Plaintiff - Appellant

v.

DITECH FINANCIAL, L.L.C.,

  Defendant - Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:16-CV-828

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PER CURIAM:*

Appellant Varnel L. Diggs brought this quiet title action to remove a lien on his property owned by Appellee Ditech Financial, LLC (Ditech). On recommendation of the magistrate judge, the district court granted summary judgment to Ditech. For the reasons given below, we AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-50540

I.    Background

In 2007, Diggs executed a Home Equity Note with USAA Federal Savings Bank, which was secured by a Deed of Trust.  The Deed of Trust was assigned to GMAC Mortgage, LLC (GMAC).  The magistrate judge found that Diggs hadn't made payments on the loan since November 2010.  The Deed of Trust was accelerated in April 2011 and assigned to Green Tree Servicing, LLC (Green Tree) in February 2013.   Green Tree sent Diggs a notice of default in June 2013.  This notice allowed Diggs to cure the default by paying less than the full amount of the loan and stated that the loan would be accelerated if Diggs failed to cure.  Green Tree later changed its name to Ditech.

Diggs brought a quiet title action against Ditech in state court in 2016, arguing the lien was invalid because Ditech had failed to foreclose within four years of the acceleration.  Diggs procured a default judgement and Ditech moved for a new trial and removed to federal court.  The district court granted the motion for new trial and both parties moved for summary judgment.

Before the magistrate judge, Ditech argued summary judgment should be granted because the notice of default abandoned the acceleration.  Diggs responded that (1) the notice of default was not sufficient to abandon the acceleration, (2) he never received the notice, (3) the notice was falsified, and (4) Ditech had committed fraud on the court by falsifying the notice. The magistrate judge held that the notice of default was sufficient to abandon the acceleration because it was "nearly identical" to the notice in *Boren v. U.S. Nat'l Bank Ass'n*, 807 F.3d 99 (5th Cir. 2015).  In *Boren*, this court held that the notice at issue was sufficient to abandon acceleration. *Id.* at 103, 106.

No. 17-50540

Next, the magistrate judge addressed Diggs's arguments regarding service of the notice. The court held that Texas law does not require actual receipt of the notice. The court pointed to the Texas Property Code, which states that

> "[s]ervice of a notice under this section by certified mail is complete when the notice is deposited in the United States mail, postage prepaid and addressed to the debtor at the debtor's last known address. The affidavit of a person knowledgeable of the facts to the effect that service was completed is prima facie evidence of service."

TEX. PROP. CODE § 51.002(e). Diggs argued the notice of default was not received because Ditech did not include the "green card with a signature" from the certified mail receipt. Ditech had provided the paid mailing label and an affidavit from a Ditech representative. The magistrate judge held that under Texas law Ditech had succeeded in making a prima facie case, and that Diggs had failed to rebut Ditech's evidence.

Diggs argued that the notice and mailing label were falsified because (1) Ditech sent him a letter that gave various dates of communications but did not include the notice of default; and (2) Diggs did not reply to the notice of default disputing the debt. The magistrate judge found these arguments unpersuasive. As for the letter, the court noted that Diggs was "previously provided debt validation information for the referenced account." Diggs also argued the affidavit submitted by Ditech was inadmissible hearsay and failed to specify if the employee worked at Ditech at the time of the notice. The court stated this was not required because the affiant's position made him competent "to testify to his review of the business records regarding Diggs's account." Therefore, the affidavit established the notice of default as a business record. Because the court concluded that Diggs had not shown

3

the mailing label or notice of default was falsified, it rejected Diggs's argument of fraud on the court.

Diggs also asserted that the lien was invalid due to laches. The court held that this was inappropriate because laches is a *defense* to an action, not a basis for an action. The court held the same for Diggs's assertion of unclean hands.

The district court adopted the magistrate judge's report and recommendation and entered judgment for Ditech. Diggs has appealed.

## II.    Standard of Review

We review grants of summary judgement *de novo.  Bridges v. Empire Scaffold, LLC*, 875 F.3d 222, 225 (5th Cir. 2017). A court should grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56.

## III.    Analysis

Diggs argues that the magistrate judge erred in several respects. After reviewing the magistrate and district court's opinions, the briefs, and pertinent portions of the record, we conclude that the lower courts did not commit reversible error. Therefore, we **AFFIRM** the judgment of the district court.